Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5544 | **DATE** | 5/9/2002 |
| **CASE TITLE** | PETER L. MARKOS vs. CHICAGO PARK DISTRICT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for summary judgment [28-1] is granted. Plaintiff's motion for summary judgment [25-1] is denied. Defendant's motion to strike portions of plaintiff's statement of uncontested facts and affidavit [35-1] is moot. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 13 2002 date docketed | |
| | Notified counsel by telephone. | | | 42 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | 02 MAY 10 AM 8:32 | 5/9/2002 date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | CB mailing deputy initials | |


| | | |
|---|---|---|
| PETER L. MARKOS | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 5544 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| CHICAGO PARK DISTRICT | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Peter L. Markos sues the Chicago Park District for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 (Count I), and the Chicago Park District personnel code (Count II). The Chicago Park District moves for summary judgment on Counts I and II. Markos moves for summary judgment on Count II. The court will address the Chicago Park District's summary judgment motion first.

## BACKGROUND

### I. Local Rule 56.1 Statement of Facts

Local Rule 56.1 is designed to assist the court in determining the undisputed and disputed facts at summary judgment. The parties fail to comply with Local Rule 56.1. Various paragraphs of the Chicago Park District's statement of facts are supported by unauthenticated documents. When a party presents evidence through exhibits, the exhibits must be identified by affidavit or otherwise made admissible in evidence. *Martz v. Union Labor Life Insurance Co.*, 757 F.2d 135, 138 (7th Cir. 1985). The court cannot consider inadmissible evidence at summary judgment. *See Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000) (evidence submitted at summary judgment must be

1

42

admissible at trial under Federal Rules of Evidence). The following paragraphs of the Chicago Park District's Rule 56.1 facts are disregarded: ¶¶ 6, 7, 8, 16, 17, and 20; the court cannot consider unauthenticated supporting exhibits: A, B, C, E, H, I, J. Markos fails to support various Rule 56.1 denials with citation to the record. The following paragraphs are deemed admitted: ¶¶ 5, 9, and 21. *See Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 518-19 (7th Cir. 1992); Local Rule 56.1(b).

In addition, Markos fails to provide proper support for various denials in his Rule 56.1 response. Markos merely refers the court to other Rule 56.1 responses. *See e.g.* Pl. 56.1 Resp. at ¶¶ 10, 23. The Chicago Park District's statement of facts are equally unhelpful; the Park District paraphrases statutes and forms legal conclusions in its statement of facts. *See e.g.* Def. 56.1 Facts at ¶¶ 8, 21. Indeed, the parties' Rule 56.1 submissions do not assist the court in resolving the summary judgment motion. "[C]ourts are not obliged in our adversary system to scour the record looking for factual disputes." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994). Nevertheless, the court has reviewed the record evidence because both parties fail to comply with Local Rule 56.1. The court will primarily rely on the submitted exhibits and deposition testimony to determine the undisputed and disputed facts to extent the record contains admissible evidence.

## II. Statement of Facts

The following facts are undisputed. The Chicago Park District is a municipal corporation that maintains and manages recreational property in Chicago, Illinois. Markos, a 62-year old male, was a Chicago Park District employee from May 1980 to November 1999. Markos was a supervisor in the Chicago Park District's Central Region. On November 17, 1999, Bruce Bertalmio and Francis Lefkow informed Markos he had the option to retire or be terminated. Markos elected termination.

2

Markos was informed his termination was due to the restructuring of the Central Region. Markos and Blake Oblak, his supervisor, were terminated at the same time. Frank Nino, a 43-year old male Park District employee, replaced Markos. The Chicago Park District eventually assigned Nino to a construction coordinator position. Markos was not provided a written discharge or an administrative hearing before his termination. On December 16, 1999, Markos complained to the Chicago Park District that he was terminated without cause, and he was not provided a written discharge or an administrative hearing. The Chicago Park District denied that Markos had a right to an administrative hearing and a written discharge.

## DISCUSSION

### I. Summary judgment standard

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Res. Comm.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-movant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bay v. Cassens Transp., Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). If the moving party meets this burden, the nonmovant must then respond by setting forth specific facts that demonstrate the existence of a

genuine issue for trial. Fed. R. Civ. P. 56(e).

## II.     ADEA claim (Count I)

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). When a plaintiff alleges age discrimination, an employer is liable only if age actually motivated the employer's decision. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000). Markos may prove intentional age discrimination through either direct or indirect evidence. *Robin v. ESPO Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000); *Michas v. Health Cost Controls of Illinois*, 209 F.3d 687, 692 (7th Cir. 2000). Markos does not proffer direct evidence of age discrimination. Instead, he proceeds under the burden-shifting method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Hartley v. Wisconsin Bell, Inc.*, 124 F.3d 887, 889 (7th Cir. 1997).

First, Markos must demonstrate a *prima facie* case. *McDonnell Douglas*, 411 U.S. at 802. If successful, the burden of production shifts to the Chicago Park District to articulate a legitimate, nondiscriminatory reason for Markos' termination. *Id.* If the Chicago Park District articulates such a reason, the burden shifts back to Markos to prove by a preponderance of the evidence the Chicago Park District's proffered reason was a pretext for discrimination. *Id.* at 804.

### A.     *Prima Facie* case

In order to establish a *prima facie* case under *McDonnell Douglas*, Markos must prove: (1) he was in a protective age group of 40 or older; (2) he met the Chicago Park District's legitimate expectations; (3) he was terminated; and (4) similarly situated employees were treated more

4

favorably. *Pitasi v. Gartner*, 184 F.3d 709, 716 (7th Cir. 1999). A plaintiff can establish the fourth element of a *prima facie* case by demonstrating a substantially younger employee was hired as a replacement. *Ritcher v. Hook-Superx, Inc.*, 142 F.3d 1024, 1028 (7th Cir. 1998).

Markos satisfies the first and third prongs of the *McDonnell-Douglas* test – he was 62 years old when he was terminated. The Chicago Park District asserts Markos was not meeting its legitimate expectations. Specifically, the Chicago Park District contends Markos was terminated because he was a Central Region supervisor, and that region was in poor condition. However, the Chicago Park District concedes Markos was not personally responsible for the Central Region's poor conditions. Indeed, the Chicago Park District proffers Bruce Bertalmio's deposition testimony, which states Markos was not terminated for poor performance but to send a warning to Chicago Park District employees to improve productivity. Def. 56.1 Facts, Ex. H, at p. 41. Bertalmio admits Markos' termination was not based on his work performance, and Bertalmio did not have knowledge of Markos' performance at the Chicago Park District. *Id.* at p. 33, 41,42. In response, Markos submits the affidavit of Carlos Guevara, a Park District supervisor, who attests Markos performed well. *See* Pl. 56.1 Facts, Ex. A. Markos contends Bertalmio stated he was an "exemplary employee" at the November 17, 1999 termination meeting. *See* Pl. 56.1 Facts, Ex. E at p. 51. Bertalmio does not recall making that comment. *Id.*, Ex. B at p. 53. Viewing the evidence in the light most favorable to Markos, he raises a genuine factual dispute that he was meeting the Chicago Park District's legitimate expectations.

Further, Markos demonstrates he was replaced by Frank Nino, a 42-year old Park District employee. *See Ritcher*, 142 F.3d at 1028 (ten-year age difference between plaintiff and her replacement is substantial). The Chicago Park District argues Nino was placed in Markos' position

5

for a few days only. However, the Chicago Park District relies on an unauthenticated document for that proposition, which the court cannot consider at summary judgment. *See* Def. 56.1 Facts, Ex. H. Even if the court considers those documents, they do not plainly state the date Nino was released as Markos' replacement. The Chicago Park District provides no explanation of the effect of these handwritten documents. Indeed, the only reasonable inference from the documents is that Nino served as Markos' replacement until January 2000. *Id.* Markos cites Bertalmio's deposition testimony where he states the Chicago Park District placed Nino in Markos' position the day after his discharge. Pl. 56.1 Facts, Ex. B, Bertalmio Dep., at p. 71. Markos also proffers Guevara's affidavit, which attests Nino assumed Markos' job responsibilities after he was terminated. Pl. 56.1 Facts, Ex. A, at ¶ 11. Viewing the evidence in the light most favorable to Markos, he raises a genuine factual issue that he was replaced by a substantially younger employee.

### B. Legitimate Non-Discriminatory Reason

The burden shifts to the Chicago Park District to demonstrate a legitimate non-discriminatory reason for Markos' termination. The Chicago Park District provides evidence Markos was terminated because it sought to change the culture and philosophy at the Central Region. Def. 56.1 Facts, Ex. F at p. 51. Markos was a Central Region supervisor. The Chicago Park District terminated Markos to send a warning to Central Region employees that their productivity must improve. *Id.* at p. 50, 51; *see Patton v. Indianopolis Public Sch. Bd.*, 276 F.3d 334, 339 (7th Cir. 2002) (terminating a supervisor because he is a "scapegoat" is a legitimate employment decision). Thus, the Chicago Park District articulates a legitimate non-discriminatory reason for Markos' termination.

C.  **Pretext**

Markos must demonstrate the Chicago Park District's proffered reason for his termination is pretextual. "A pretext, in employment law, is a phony reason that the employer offers for engaging in discriminatory conduct." *Mills v. First Fed'l Sav. & Loan Ass'n of Belvidere*, 83 F.3d 833, 845 (7th Cir. 1996) (internal quotations omitted). The wisdom of the employer's decision is not at issue; the genuineness of the employer's motives is significant. *Testerman v. EDS Technical Products Corp.*, 98 F.3d 297, 304 (7th Cir. 1996). A plaintiff can demonstrate an employer's proffered reason is pretextual: "(1) by showing that a discriminatory reason more likely than not motivated the employer"; or (2) "that the employer's proffered explanation is unworthy of credence." *Kralman v. Illinois Dept. of Veterans' Affairs*, 23 F.3d 150, 156 (7th Cir. 1994).

To demonstrate pretext, Markos argues the Chicago Park District's proffered reason for his termination is false. In support, Markos asserts Bertalmio's comments at the November 17, 1999 meeting are inconsistent with his deposition testimony. Markos' assertion lacks merit. In his affidavit, Markos attests Bertalmio stated he was terminated because the Chicago Park District was restructuring the Central Region. Pl. 56.1 Facts, Ex. D, at ¶ 7. At his deposition, Bertalmio testified Markos was terminated because the Park District was changing its philosophy and sought to improve work productivity. Pl. 56.1 Facts, Ex. A-2, Bertalmio Dep. at p. 52. Bertalmio refers to the Park District's mission to improve productivity as "restructuring." Def. 56.1 Facts, Ex. F at p. 61. Thus, Markos fails to establish a contradiction in Chicago Park District's proffered reason for his termination.

Similarly, Markos asserts the Chicago Park District argues he was terminated because of his poor performance. Markos contends that reason contradicts the Chicago Park District's previous

7

rationale about Central Region restructuring. The Chicago Park District does not assert Markos failed to properly discharge his employment duties. Instead, the Chicago Park District determined terminating Markos and another supervisor would change the culture and work ethic at the Central Region. Markos argues Nino, a substantially younger employee, replaced him but the Chicago Park District removed Nino from that position in January 2000, and backdated his wages to December 1999. Markos asserts the Chicago Park District reassigned Nino to a construction coordinator position to conceal their discriminatory *animus*. Pl. 56.1 Facts, Ex. B-2,3. Markos' argument is speculation. Indeed, Markos' proffered evidence is irrelevant as to whether the Chicago Park District's reason for Markos' termination is false. That evidence only demonstrates Nino's position was temporary, or the Chicago Park District determined Nino was not the appropriate employee to replace Markos. Without more, Markos cannot demonstrate discriminatory *animus* based solely on Nino's reassignment in January 2000.

Finally, Markos argues work producitivity at the Central Region did not improve after his termination. But Markos fails to proffer evidence the Chicago Park District did not honestly believe the Central Region's work conditions would improve with his termination. *Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1124 (7th Cir. 1994). Viewing the evidence in the light most favorable to Markos, he fails to raise a genuine factual dispute the Chicago Park District's legitimate non-discriminatory reason for his termination is pretextual. Accordingly, summary judgment must be granted for the Chicago Park District on Count I.

### III. Chicago Park District Personnel Code claim (Count II)

Markos asserts the Chicago Park District violated its personnel code because it terminated him without cause, and failed to provide him a written discharge or an administrative hearing. In

his initial complaint, Markos asserted a claim for violations of the Chicago Park District Act, 70 ILCS § 1505/16a(c)(4)(J). Section 1505/16a(c)(4)(J) of the Act provides, in relevant part:

> An employee with career service status shall be discharged or suspended without pay for more than 30 days only for cause and only upon written charges for the discharge or suspension. The employee shall have an opportunity to appeal the action to the personnel board and to receive a hearing before the personnel board or a hearing officer appointed by it.

On October 3, 2001, this court dismissed Markos' § 1505/16a(c)(4)(J) claim. The court determined §1505/16a only provided the Chicago Park District with authority to create a personnel administration board and establish a personnel code. Section 1505/16a requires the Chicago Park District to enact ordinances containing §1505/16a(c)(4)(J)'s requirements if it chooses to create a personnel code. Consequently, the court held the Chicago Park District Act was an enabling act that could not create an implied private right of action. *See e.g. Thomas v. Chicago Housing Authority*, 981 F. Supp. 558 (N.D. Ill. 1997) (enabling act for Illinois public housing authority does not create a private right of action); *GFI Genfare v. Regional Transit Authority*, 932 F. Supp. 1049 (N.D. Ill. 1996) (statute enabling Department of Transportation to promulgate regulations does not create a private right of action). The court dismissed Count II with prejudice.

Markos amended his complaint, and reasserted a claim for violations of the Chicago Park District personnel code. On December 12, 2001, this court dismissed the claim because the Chicago Park District personnel code does not confer an implied private right of action. The personnel code adopted the substantive requirements of the Chicago Park District Act. This court held the personnel code provided an adequate administrative remedy for code violations – an administrative hearing and judicial review of the administrative agency's decision under the Illinois Administrative Review Law. *See McNeil v. Carter*, 318 Ill. App. 3d 939, 943, 742 N.E.2d 1277, 1281 (3d Dist. 2001) (no

private right of action under the Uniform Code of Corrections where inmate could appeal to an administrative board); *Dudley v. Bd. of Education, Bellwood Sch. Dist.*, 260 Ill. App. 3d 1100, 1105, 632 N.E.2d 94, 98 (1st Dist. 1994) (teacher did not have a private right of action under the school code where administrative review procedures existed); *see also Abbasi v. Paraskevoulakos*, 187 Ill.2d 386, 395-96, 718 N.E.2d 181, 186-87 (1999) (a private right of action should not be inferred where it would be duplicative of an existing remedial procedure). Further, this court held Markos did not exhaust his administrative remedies because he failed to request an administrative hearing after termination. The court dismissed Count II with prejudice. Despite the December 12, 2001 order, Markos filed a second amended complaint asserting an identical claim for violations of the Chicago Park District personnel code.

At the outset, the court addresses whether Markos falls within the protections of § 1505/16a(c)(4)(J) and the personnel code. Section 1505/16a(c)(4)(J) applies to career service employees only. Under the Chicago Park District Act, a career service employee may be terminated for cause, but he must be provided a written discharge and the opportunity for an administrative hearing. Pl. 56.1 Facts, Ex. A-1; 70 ILCS § 1505/16a(c)(4)(J). The Chicago Park District argues Markos is not a career service employee. However, the Chicago Park District relies on inadmissible evidence for that proposition. The Chicago Park District advances Bertalmio's deposition testimony, where he states the Chicago Park District law department informed him Markos' position was career service exempt. *See* Def. 56.1 Facts, Ex. F at p. 40. Bertalmio's testimony is inadmissible hearsay. *See Russell v. Acme-Evans Co.*, 51 F.3d 64, 68 (7th Cir. 1995). Further, the Chicago Park District relies on unauthenticated documents to demonstrate Markos was not a career service employee. *See* Def. 56.1 Facts, Ex. C, E, I. Even if the court considers the inadmissible exhibits, the documents

fail to establish Markos was excluded from career service employment. *Id.*, Ex. C, E, I. Those documents contain inexplicable notations, such as a post-script that states: "Career Service; Exempt FLSA." *Id.*, Ex. C. The Chicago Park District provides no explanation for unauthenticated, hearsay notations on those documents. Markos attests he was a career service employee. *See* Pl. 56.1 Facts, Ex. B, at ¶ 14. Viewing the evidence in the light most favorable to Markos, he raises a genuine factual issue for trial that he was a career service employee.

However, Markos' personnel code claim fails as a matter of law because the Chicago Park District personnel code does not confer a private right of action. In its December 12, 2001 order, this court held the Chicago Park District personnel code did not create an implied private right of action. That is the law of this case. In order to imply a private right of action: (1) the plaintiff must be a member of the class whose benefit the statute was enacted; (2) the plaintiff's injury must be one the statute was designed to prevent; (3) the private right of action must be consistent with the underlying purpose of the statute; and (4) the private right of action must be necessary to provide an adequate remedy for violations of the statute. *Fisher v. Lexington Health Care, Inc.* 188 Ill.2d 455, 460, 722 N.E.2d 1115, 1117 (1999); *Sawyer Realty Group v. Jarvis Corp.*, 89 Ill.2d 379, 385, 432 N.E.2d 849, 851 (1982). When a statute does not expressly grant a private right of action, a court should infer a private cause of action cautiously. *Moore v. Lumpkin*, 258 Ill. App. 3d 980, 989, 630 N.E.2d 982, 989 (1st Dist. 1994).

The Chicago Park District personnel code states:

> All personnel transactions in the Park District shall be consistent with the substantive requirements listed in the Chicago Park District Act, as amended effective September 15, 1991, or as subsequently amended hereafter, and the rules hereafter prescribed by the Personnel Board shall likewise observe the requirements of that section.

Pl. 56.1 Facts, Ex. A-1. Section 1505/16a of the Chicago Park District Act provides an administrative remedy to a discharged career service employee. The employee must appeal his discharge to the Chicago Park District personnel board. 70 ILCS §1505/16a. Section 1505/16a(c)(3) "subject[s] all positions of employment in the Park District to the jurisdiction of the personnel board." *Id.* Under the Chicago Park District Act, "[a]ll final administrative decisions by the personnel board discharging . . . an employee with career service status are subject to judicial review under the Administrative Review Law." 70 ILCS §1505/16a(c)(4)(J). Under the Administrative Review Law, "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision[.]" 735 ILCS § 5/3-103. Pursuant to § 1505/16(c)(4)(J), career service employees are required to seek judicial review of an administrative agency's final decision in an Illinois state court under the Administrative Review Law. Consequently, implying a private right of action is unnecessary because the personnel code provides an adequate remedy for code violations. *See McNeil*, 318 Ill. App. 3d at 943, 742 N.E.2d at 1280 (where a statute allowed for administrative review, an implied private right of action is not necessary).

Further, conferring a private cause of action is inconsistent with the remedial procedures outlined in § 1505/16a and the Chicago Park District's personnel code. The Administrative Review Law is designed to eliminate conflicting and inadequate common law and statutory remedies for judicial review of administrative agency decisions, and to substitute a single, uniform, and comprehensive remedy. *Orlowski v. Village of Villa Park Board of Fire & Police Commissioners*, 273 Ill. App. 3d 42, 46-47, 652 N.E.2d 366, 369 (2d Dist. 1995). The Administrative Review Law

12

applies only where it is adopted by express reference in a statute. *Rochon v. Rodriguez*, 293 Ill. App. 3d 952, 954, 689 N.E.2d 288 (1997). By explicitly detailing administrative procedures in § 1505/16a, the Illinois legislature intended the Chicago Park District's administrative process to remedy violations of § 1505/16(a)(4)(J). *See Fisher*, 188 Ill.2d at 467, 722 N.E.2d at 1121 (where the legislature provided a statutory framework to remedy violations, a private right of action should not be implied). An implied private right of action would frustrate the legislature's intent in promoting a single, uniform judicial review procedure under the Administrative Review Law. *See e.g. Schracta v. Curtis*, 752 F.2d 1257 (7th Cir. 1984) (an implied private right of action did not exist in the Civil Service Reform Act where an administrative review process was provided in the statute); *Davis v. Dunne*, 189 Ill. App. 3d 739, 741, 545 N.E.2d 539, 540 (1st Dist. 1989) (an implied private right of action need not be conferred under the Civil Service Act where the statute contained its own enforcement procedures). Markos provides no authority to demonstrate the Illinois state legislature intended to create a private right of action in the Chicago Park District Act. Indeed, a private right of action should only be inferred "where there exists a clear need to effectuate the purpose of an act." *Sawyer Realty Gp., Inc. v. Jarvis Corp.*, 89 Ill.2d 379, 389, 432 N.E.2d 849, 853 (1982). Section 1505/16a's administrative procedures are sufficient to effectuate the purposes of the Act and the personnel code – to grant benefits to and protect career service employees. *See Abbasi*, 187 Ill.2d at 396, 718 N.E.2d at 186 (an implied private right of action is not conferred under the Chicago municipal code where a common law negligence claim provided an adequate remedy); *Fair Credit Bank of St. Louis v. Dorr*, 250 Ill. App. 3d 1, 5, 620 N.E.2d 529, 552 (5th Dist. 1993) (no implied private right of action under the Farm Credit Act where the statute provided for administrative remedies).

The thrust of Markos' argument is that the Chicago Park District denied his request for an administrative hearing, and a private right of action remains his only option for judicial relief. Under the Administrative Review Law, Markos was not precluded from bringing an action in state court for judicial review. Section 5-3/103 allows judicial review of all *final* administrative decisions, not merely administrative hearing decisions. The Chicago Park District is an administrative agency. The Chicago Park District's decision to terminate Markos, and deny a hearing and a written discharge is a final administrative decision. *See Key Outdoor, Inc. v. Dept. of Transp.*, 322 Ill. App. 3d 316, 325, 750 N.E.2d 709, 716 (4th Dist. 2001) (Administrative Review Law permits review of final administrative agency decisions even if a hearing did not occur). In an action for judicial review, an Illinois state court may remand the action to the Chicago Park District administrative process or resolve the claim on the merits. *Schmeier v. Chicago Park District*, 301 Ill. App. 3d 17, 34, 703 N.E.2d 396, 407 (1st Dist. 1998); *see also Valio v. Bd. of Fire and Police Commissioners*, 311 Ill. App. 3d 321, 331 724 N.E.2d 1024, 1032 (2d Dist. 2000) (reviewing an administrative agency's decision to discharge an employee for cause).

Furthermore, various procedural safeguards ensure the effectiveness of the Chicago Park District's administrative review process. Illinois courts may imply jurisdiction under the Administrative Review Law where the Chicago Park District's administrative process is inadequate to resolve the employee's claim. *See Calabrese v. Chicago Park District*, 294 Ill. App. 3d 1055, 1064, 691 N.E.2d 850, 856 (1st Dist. 1998) (allowing judicial review where the Park District personnel board suspended an employee for less than 30 days but he was actually suspended for 5 years). This circuit has recognized an action for constitutional due process violations in the Chicago Park District's administrative hearings under 42 U.S.C. § 1983. *See Amudsen v. Chicago Park*

*District*, 218 F.3d 712, 714 (7th Cir. 2000). Consequently, implying a private right of action in the Chicago Park District Act is not warranted.

Finally, federal courts are reluctant to effect dramatic expansions of state law absent indication from the state supreme court, or at the very least, a clear line of state appellate authority. *See King v. Daimiron Corp.*, 113 F.3d 93, 97 (7th Cir. 1997). No Illinois court has suggested the Chicago Park District Act or the Chicago Park District personnel code confers an implied private right of action. Indeed, the Illinois Supreme Court has expressed reluctance to imply private right of actions where administrative procedures provide adequate remedial measures. *See e.g. Fisher*, 188 Ill.2d at 469, 722 N.E.2d at 1122 (Harrison, J., dissenting) (arguing that "implied rights of action have been abolished in Illinois" after *Fisher* and *Abassi*). Accordingly, the Chicago Park District personnel code does not confer an implied private right of action. As a matter of law, summary judgment must be granted on Count II.

## CONCLUSION

The Chicago Park District's motion for summary judgment is granted. Markos' motion for summary judgment is denied.

May 9, 2002

ENTER:

Suzanne B. Conlon
United States District Judge

15